## Brodbeck v. Wolfe

*A. G. Helbling,* for plaintiff.

*Buchanan, Wallover & Barrickman,* for defendant.

*Reed, Ewing & Ray,* for additional defendant.

McCreary, P. J., October 21, 1953.—On April 15, 1952, an accident occurred at the intersection of Seventh Street and Seventh Avenue in the Borough of New Brighton, Beaver County, Pa. Involved in this accident were Harry R. Wolfe, William Brodbeck, a passenger in the Wolfe automobile, and Chester L. Druschel.

As a result of injuries sustained in this accident, William Brodbeck died on April 15, 1952. His widow, Ima Brodbeck, was appointed administratrix of the estate of William Brodbeck, deceased, on December 26, 1952.

On January 2, 1953, Mrs. Brodbeck filed the above-entitled action as administratrix of the estate of William Brodbeck, and also in her own right. The complaint was served upon defendant on January 7, 1953. On January 14, 1953, the appearance of Buchanan, Wallover & Barrickman, Esqs., was entered on behalf of defendant Harry R. Wolfe. No further action was taken by any of the parties until May 4, 1953, at which time Harry R. Wolfe presented a petition to the Court of Common Pleas of Beaver County, alleging that he was a minor and requesting that a guardian be appointed for him for the purpose of this action. The court thereupon appointed Wilbert Wolfe as guardian.

On the same day, a præcipe was filed and a writ was issued to join Chester L. Druschel as an additional defendant. The writ and complaint were served by the sheriff upon Chester L. Druschel on May 5, 1953. On May 25, 1953, preliminary objections were filed by Reed, Ewing & Ray, Esqs., attorneys for Chester L. Druschel, requesting the court to strike off the præcipe, writ and complaint filed by original defendant to join Chester L. Druschel as an additional defendant, and setting forth as their basis that the acts of original defendant in attempting to join the additional defendant were contrary to the provisions of Pa. R. C. P. 2253.

Original defendant had permitted a lapse of 117 days from the service upon him of the initial pleading of plaintiff before filing his præcipe for a writ to join Chester L. Druschel as an additional defendant. Original defendant had not presented a petition to the

court requesting an extension of time, upon cause shown.

The preliminary objections filed by Chester L. Druschel, referred to above, were as follows:

"I. The record discloses that service of the complaint, filed by the plaintiff to institute this action, was made on the original defendant by the Sheriff of Beaver County, Pennsylvania, on January 7, 1953, by leaving a true and attested copy with the original defendant's wife.

"II. The record further discloses that the præcipe, writ and complaint to join Chester L. Druschel as an additional defendant in the above entitled action were not filed in the Prothonotary's Office of Beaver County, Pennsylvania until May 4, 1953, and were not served upon Chester L. Druschel by the Sheriff of Beaver County until May 5, 1953.

"III. The præcipe, writ and complaint to join Chester L. Druschel as an additional defendant were not filed by the original defendant until after the lapse of One hundred seventeen (117) days from the service upon the original defendant of the initial pleading of the plaintiff. The plaintiff has filed no amendment to her initial pleading.

"IV. The acts of the original defendant in attempting to join Chester L. Druschel as an additional defendant are contrary to the Pennsylvania Rule of Civil Procedure No. 2253."

Chester L. Druschel thereupon moved the court to strike off the præcipe, writ and complaint filed by original defendant to join him as an additional defendant.

The question before the court en banc for decision is properly stated by counsel for Chester L. Druschel as follows:

"Does the fact that an original defendant is a minor at the time of the service upon him of plaintiff's initial

pleading constitute a complete waiver of the require-
ment of court approval upon cause shown for the late
filing of a præcipe to join an additional defendant
imposed upon a party by Pa. R. C. P. 2253?"

The answer to that question is that the 60-day period
for filing a præcipe to join an additional defendant.
where defendant is a minor, does not start to run until
a guardian has been appointed for the minor defend-
ant. We rely for authority upon the case of Angert v.
Schultz et al., 65 D. & C. 544, and we are entirely
in accord with the reasoning of Judge Flood in that
case. That case holds that under the Pennsylvania
Rules of Civil Procedure a minor defendant must be
given 60 days after the appointment of a guardian to
file a petition for severance of plaintiffs and a præcipe
to join one of plaintiffs as an additional defendant.
That case also holds that the mere fact that minor
defendant may have engaged counsel earlier and that
counsel may have taken certain proceedings is of no
more effect than if plaintiff himself had done the
things that counsel did for him. The logic of Judge
Flood in reaching this conclusion is impeccable.

Counsel for Charles L. Druschel relies upon the
case of Patrick v. South Pittsburgh Water Co. et al.,
80 D. & C. 253. That case simply holds that under
Pennsylvania Rules of Civil Procedure 2252 and 2253
an original defendant may join an additional defend-
ant as a matter of right if he acts within 60 days after
service of the original complaint upon him, but if
more than 60 days have elapsed he must apply to the
court for permission to join additional defendant. No
one can disagree with this conclusion in any case where
defendant who files the præcipe is sui juris at the time
of the service of the original complaint upon him. In
the Patrick case, Judge Soffel cited the case of Angert
v. Schultz, supra, as an exception to the general rule

for the very reason that the last cited case did involve a defendant who was a minor.

Since Pa. R. C. P. 2028(a) provides that an action in which a minor is plaintiff shall be entitled "A, a minor, by B, his Guardian", against party defendant, it is difficult for us to understand how minor defendant in the case we are now considering could file any pleading to bring Druschel on the record as an additional party defendant until a guardian has been appointed for him. As was said in the case of Angert v. Schultz, supra, (p. 546):

"Pa. R. C. P. 2255 (a) provides that the procedure, including pleadings, between the party joining an additional defendant and additional defendant shall be the same as though the party joining the additional defendant were a plaintiff and additional defendant were a defendant. Under Pa. R. C. P. 2255 (a) the minor is plaintiff insofar as the joinder of additional defendant is concerned. If so, he cannot file his præcipe to join until a guardian appears on the record for him. Since, therefore, he was not in a position to file during the original 60-day period because he had no guardian of record, we do not see how we can rule against him."

The question was raised at the oral argument as to the right of defendant to bring on the record an additional defendant after the statute of limitations has run as between plaintiff and additional defendant. Although this question was not raised by preliminary objection, we are satisfied that it has no merit. The case of MacMurray, admr., v. Yankee Lines, Inc., et al., 77 D. & C. 104, is authority to the contrary. Where the statute of limitations bars a suit directly against an alleged tortfeasor, he may not be joined as an additional defendant in an action for a tort on an allegation that he is solely liable, but may still be joined on the ground of joint liability, although the court will, in the latter case, so control any judgment

entered against defendants jointly that no execution may be issued against the additional defendant.

For the reasons stated we make the following

*Order*

Now, October 21, 1953, the preliminary objections are overruled, and additional defendant, Chester L. Druschel, is given 20 days from the date of this order within which to answer on the merits.